| | |
|---|---|
| JOSE CORREA, | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
| Plaintiff, | |
| v. | GENERAL JURISDICTION DIVISION |
| LEAD ENTERPRISES, INC., a Florida Corporation, and THOMAS M. TAYLOR, | CASE NO. : _____ <br> 10.22626 CA 03 |
| Defendants. _____/ | |

### COMPLAINT FOR DAMAGES

Plaintiff, JOSE CORREA, sues Defendants, LEAD ENTERPRISES, INC. and THOMAS M. TAYLOR, (Jointly the "DEFENDANTS"), and states as follows:

### COMMON ALLEGATIONS

1. This is an action for damages that exceed the sum of $15,000.00.

2. Plaintiff is resident of Miami-Dade County, Florida and is otherwise *sui juris*.

3. Defendant, LEAD ENTERPRISES, INC. ("LEAD"), is a corporation organized and existing by virtue of the laws of the State of Florida with its principal place of business in Miami-Dade County, Florida.

4. THOMAS M. TAYLOR ("TAYLOR"), is resident of Miami-Dade County, Florida and is otherwise *sui juris*.

5. TAYLOR is president of LEAD.

6. DEFENDANTS are in the business of processing lead and manufacturing lead products.

7. DEFENDANTS employed Plaintiff at their principal place of business in Miami Dade County, Florida from, on or about, August 2005 through March 2010 as a general purpose worker that operated, maintained, and repaired lead processing equipment. Plaintiff also performed some

administrative functions for DEFENDANTS.

8.  All conditions precedents have been performed, excuse or been waived.

## COUNT I
### Claim for Unpaid Wages and Bonuses

9.  Plaintiff realleges paragraphs 1 through 8, above, as if set forth in full herein.

10. DEFENDANTS agreed to pay Plaintiff wages for work performed by Plaintiff while in DEFENDANTS' employee.

11. Plaintiff performed work for DEFENDANTS sufficient to entitle Plaintiff to payment of his wages.

12. DEFENDANTS wrongfully refused to pay Plaintiff his earned wages notwithstanding Plaintiff's performance of his job duties and responsibilities.

13. As a direct result of DEFENDANTS' wrongful refusal to pay Plaintiff his earned wages that are due and owing, Plaintiff has sustained damages.

14. As a direct result of DEFENDANTS' wrongful refusal to pay Plaintiff his earned wages that are due and owing, Plaintiff was forced to retain the undersigned attorney. Plaintiff has agreed to compensate undersigned counsel a reasonable attorney's fee to represent him in this matter which is recoverable from DEFENDANTS pursuant to Florida Statutes §448.08.

WHEREFORE, Plaintiff demands judgment against Defendants, LEAD ENTERPRISES, INC. and THOMAS M. TAYLOR for compensatory damages, pre-judgment interest, attorney's fees and such other relief as this Court deems appropriate.

Jose Correa v.<br>
Lead Enterprises, Inc. & Thomas M. Taylor<br>
Complaint

## COUNT II
### Violation of the Fair Labor Standards Act, 29 U.S.C. §201

15. Plaintiff realleges paragraphs 1 through 8, above, as if set forth in full herein.

16. This court has jurisdiction of this claim pursuant to Florida Statute § 448.08 and 29 U.S.C. § 216 (b) of the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA").

17. Upon information and belief, DEFENDANTS, at all times material hereto, employed individuals who regularly were and are engaging commerce. DEFENDANTS, upon information and belief during the relevant time period, had annual gross volume of business done in an amount not less than $500,000.00. By reason the foregoing, DEFENDANTS were and are an enterprise engaged in commerce as defined by §203(r) and (s) of the FLSA.

18. In the course of his employment with DEFENDANTS, Plaintiff's work week usually exceeded forty (40) hours per week.

19. During those workweeks when he worked in excess of forty (40) hours per week, Plaintiff was not paid time and one half (1.5) him regular rate of pay for all hours worked in excess of forty (40) per work week.

20. DEFENDANTS employed Plaintiff in the aforesaid enterprise for workweeks longer than forty (40) hours and willfully failed to compensate him for hours worked in excess of forty (40) hours per week at a rate of at least one and one-half (1.5) the regular rate at which he was employed in violation of the requirements of §207 of the FLSA.

21. Plaintiff has engaged the services of undersigned counsel and has agreed to pay undersigned counsel a reasonable attorney's fee and reimbursement costs advanced to prosecute this claim.

Jose Correa v.
Lead Enterprises, Inc. & Thomas M. Taylor
Complaint

22. Plaintiff is entitled to be paid time and one half (1.5) of him regular rate of pay for each hour worked in excess of forty (40) per work week.

23. As a direct and proximate result of DEFENDANTS' deliberate and willful failure to pay overtime wages in accordance with the FLSA, Plaintiff has sustained damages, including loss of wages and unpaid overtime compensation and has had to incur costs and reasonable attorney's fees.

24. As a result of DEFENDANTS' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants, LEAD ENTERPRISES, INC. and THOMAS M. TAYLOR, awarding unpaid overtime compensation, liquidated damages, costs and reasonable attorney's fees pursuant to 29 U.S.C. §216 and Florida Statutes §448.08.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable as a matter of law.

Dated: 4/15/2010

JOSE ANTONIO LLERENA, P.A.
Attorneys for Plaintiff
4800 LeJeune Road
Coral Gables, FL 33146
Telephone: (305) 662-4800
Facsimile: (305) 667-8015

By: _____
Jose Antonio LLerena, Esq.
Fla. Bar. # 0027243